# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| CHRISTOPHER TONY HEGGEBO,<br><br>   Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C15-0052-LRR<br>No. CR10-0016-LRR<br><br>ORDER |

This matter appears before the court on Christopher Heggebo's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Christopher Heggebo ("the movant") filed such motion on June 1, 2015. Because judgment entered against the movant on February 18, 2010 and appellate proceedings concluded in 2011, any action attacking his conviction or sentence is barred by the one-year statute of limitation. The movant's conviction became final in 2011, and he only sought relief in 2015, which is well beyond the applicable time frame as set forth in 28 U.S.C. § 2255(f)(1). Further, because neither *Riley v. California*, 573 U.S. \_\_\_, \_\_\_, 134 S. Ct. 2473, 2484 (2014) (holding that, unless certain exceptions apply, police generally may not conduct a warrantless search of digital information on a cell phone seized from an arrestee's body), nor *Bond v. United States*, 572 U.S. \_\_\_, \_\_\_, 134 S. Ct. 2077, 2091 (2014) (concluding that conduct at issue fell outside the reach of the federal statute because Congress did not intend to criminalize "purely local" crime), recognized a new right that the Supreme Court made retroactively applicable to cases on collateral review, the movant is unable to rely on 28 U.S.C. § 2255(f)(3). *See Never Misses a Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005) (discussing *Teague v. Lane*, 489 U.S. 288, 310-11 (1989));

*see also Stringer v. United States*, 2015 U.S. Dist. LEXIS 103050 *8 (W.D. Mo. Aug. 6, 2015) (concluding that *Riley* is not retroactively applicable); *Evans v. United States*, 2016 U.S. Dist. LEXIS 38165 *14 (D. Md. Mar. 22, 2016) (finding that *Bond* did not recognize a "new right" and did not make such right "retroactively applicable"); *United States v. Armbrister*, 2016 U.S. Dist. LEXIS 7753 * 3-10 (D. Mont. Jan. 22, 2016) (same); *United States v. Eaton*, 2015 U.S. Dist. LEXIS 42640 *2-4 (N.D. Okla. Apr. 1, 2015) (same). Further, both cases are inapposite because law enforcement obtained a search warrant before conducting a search of the movant's phone and Congress clearly intended to criminalize the conduct at issue in the movant's case. Based on the foregoing, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied. As for a certificate of appealability, the movant has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability under 28 U.S.C. § 2253 will not issue.

**IT IS SO ORDERED**.

**DATED** this 6th day of April, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA